1814.

*Philadelphia,*
*Monday,*
July 25.

GARRIGUES *against* REYNOLDS *qui tam.*

### IN ERROR.

Salted beef or pork in barrels, exposed to sale, but not intended for exportation or for ship stores, is not subject to inspection.

**T**HIS was a *qui tam* action to recover from *Benjamin F. Garrigues* the penalties imposed by the sixth section of the act of 12th *March* 1789, for selling twelve barrels and eight half barrels of salted pork, which were not branded or inspected.

Upon the trial in the Common Pleas of *Philadelphia* county, the plaintiff gave in evidence, that the defendant in the year 1809 sold the pork in question, and that it was not branded or inspected by the inspector of beef and pork for the time being. It also was given in evidence, that the pork was not sold either "*for ships stores, or for exportation:*" and the president upon the whole matter, charged the jury, that the plaintiff was entitled to recover, and sealed a bill of exceptions tendered by the defendant.

The question was argued in this Court by *Lowber* and *N. Chauncey* for the plaintiff in error, and by *Sergeant* contra.

TILGHMAN C. J. The single question in this case is, whether the seller of salted beef or pork in barrels in this state, not intended for exportation, or for ship stores, is subject to the penalties of the act, entitled " a supplement to an act, " entitled an act more effectually to prevent unfair practices " in the package of beef and pork for exportation, and to " regulate the exportation of flaxseed, butter, and biscuit in " kegs," passed 12th *March* 1789. 2 *Smith's Laws* 475.

So long ago as the year 1700, 1 *St. Laws* 27, an act was passed to prevent abuses in the exportation of unsound meat; but neither in that, nor in the original act passed 11th *August* 1727, to which the present is a supplement, was there any provision for meat not intended to be exported. The present act in the preamble speaks only of the *exports from this state;* but the first six sections which relate to the materials, make and guage of the casks, the quantity of meat to be contained therein, and the manner of package and inspection, use a different language; they all speak of " casks

" in which salted beef or pork shall be *exposed to sale* " within this Commonwealth, *or exported therefrom.*" If the whole law were expressed in this manner, we should be constrained to say, that this act had a different intention from the former acts, however unable we might be to account for it. But the seventh section, which fixes the inspector's fees, seems to recur to the old idea of exportation, for it provides that " the inspector may lawfully demand and receive the " sum of sixpence and no more for *inspecting, examining,* " and *branding* each and every tierce, barrel or half barrel " of salted beef or pork, which shall be sold at the port of " *Philadelphia,* or exported therefrom, *whether the same be* " *sold for ships stores or exportation;* and also the further " sum of one shilling and sixpence for each tierce, and of " one shilling for each barrel or half barrel of salted beef " or pork, which he the said inspector shall repack &c." Now it could not be intended that the inspector should act without a fee, and the only fees given by this act are in cases of exportation, or selling for ships stores or exportation. So that considering the whole of this act, connected with the preceding acts, it seems proper to restrain the generality of the expressions in the first six sections to the cases mentioned in the seventh section. But it is contended, that the fees given by the act of 18th *August* 1727, remain in force in all places except the city of *Philadelphia.* By that act, the inspector is authorized to appoint a deputy to act for him in each of the counties, and the fee is "one shil- " ling and sixpence for the viewing, searching and packing " or repacking, heading and branding of every barrel, and " for every half barrel one shilling and no more;" but this fee is uniform throughout the state. Now the construction contended for, will in the first place break in upon the uniformity of fees; but there are other objections, which lead me to conclude, that both the fees and mode of inspection mentioned in this act, are altered and intended to be repeated by the act of 12th *March* 1789. By the third section of the act of 1727 it is said, that the inspector or his deputy shall search the cask, " *by opening, unpacking and repacking,*" in order to judge of the *soundness and true package of the meat,* as well as the contents of the cask; whereas the act of 1789, having made additional and better provisions, res-

1814.

GARRIGUES
*v.*
REYNOLDS.

1814.

GARRIGUES
v.
REYNOLDS.

pecting the dimensions of the casks and manner of packing, declares in the fifth section, that every cask shall before the sale or exportation thereof, be carefully examined and inspected by the inspector, " who shall pass as merchant- " able, and brand with the arms of this Commonwealth, each " and every cask, being of the materials and dimensions " herein before directed and described, and which shall " respectively contain the quantity and quality of salted beef " or pork herein before mentioned and required, packed and " secured in the manner aforesaid." So that now it is not always necessary to unpack and repack; and accordingly we find in the seventh section, only the fee of sixpence for *inspecting examining* and *branding*, and the additional fee of one shilling and sixpence for every tierce, and one shilling for every barrel or half barrel, *which shall be repacked.* The inspector is able to judge of the necessity of unpacking and repacking from his first view. We find upon enquiry, that since the making of the act of 1789, the inspection has been confined to the city, it not having been the practice to appoint deputies elsewhere. Upon the whole then, as there is no inspection act out of the city, and the fees within the city are confined to cases of exportation, or sale for the purpose of exportation or ship stores, so likewise must the penalties be confined to the same cases.

I am therefore of opinion that the judgment of the Court of Common Pleas should be reversed, because upon the facts given in evidence, the defendant neither exported, nor sold for ship stores or exportation.

YEATES J. and BRACKENRIDGE J. concurred.

Judgment reversed.